IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

NHF AUTOMOBILES, LCC,

Plaintiff,

v.

FORD MOTOR CREDIT
COMPANY, LLC.

Defendant.

Civ. No. 1:17-cv-00948-AA

**ORDER**

AIKEN, District Judge.

This matter comes before the Court on Plaintiff NHF's Motion to Consolidate, ECF No. 7. NHF seeks to merge this action with *Ford Motor Credit Co. v. Michael B. Wray*, Case No. 1:17-cv-00208-CL, presently pending before Judge Clarke. A matching motion has been filed as ECF No. 33 in the *Wray* case.

Federal Rule of Civil Procedure 42(a) authorizes courts to consolidate actions involving "common question[s] of law or fact" Fed. R. Civ. P. 42(a). Courts may consolidate for hearing or trial any and all matters at issue, including the entire case. *Id.* In making this determination, the court must weigh "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp.2d 1027, 1028 (N.D. Cal. 2003). The district court has broad discretion to

decide whether to consolidate cases for trial. *In re Adams Apple, Inc.*, 829 F.2d 1474, 1487 (9th Cir. 1987).

In this case, the parties agree that the cases should be merged, which alleviates the customary concerns about delay, confusion, or prejudice. Instead, the parties dispute the procedural mechanism to be used to combine the actions. Defendant Ford Motor Credit Co. ("Ford Credit") urges the Court to dismiss this action without prejudice, while simultaneously permitting Ford Credit to amend its complaint in the *Wray* case to add NHF as a defendant in that action.[1] NHF would then, Ford Credit argues, be permitted to bring the claims raised here as counterclaims in the *Wray* case. This strikes the Court as needlessly convoluted, given the fact that Rule 42 provides a ready mechanism for achieving the same result.

Accordingly, the Court GRANTS Plaintiff's Motion to Consolidate. ECF No. 7. Consistent with Local Rule 42-4, the earlier-filed *Ford Motor Credit Co. v. Michael B. Wray*, Case No. 1:17-cv-00208-CL, shall be designated the lead case in the consolidated action for administrative control and case management purposes. Defendant's Motion to Dismiss, ECF No. 5, is DENIED as MOOT.

It is so ORDERED and DATED this 21st day of September, 2017.

_____
Ann Aiken
United States District Judge

---

[1] Although Ford Credit ostensibly relies on Rule 12(b)(6) and Rule 19 as grounds for dismissal, the substance of Ford Credit's motion is not that the complaint should be dismissed because NHF has failed to state a claim or because it has failed to join a necessary party. Rather, Ford Credit argues that this case should be dismissed pursuant to the Court's inherent power to manage its docket on the grounds that it is duplicative of the *Wray* case. As the Court has opted to resolve this motion on other grounds, it will not address this issue. The Court notes, however, that the motion to amend the *Wray* complaint is properly before Magistrate Judge Clarke and not this Court.